McGrath v. Brown.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin,* and *Talcott,* Justices.]

———•••———

## McGRATH and others *vs.* BROWN.

The plaintiffs, desiring to rent a store owned by the defendant, inquired of him, by letter, whether he would, rent it to them for five years. In reply, the defendant wrote to the plaintiffs, saying they could have a lease of the store for five years, at a rent of $1,500 per year, if the security they offered was satisfactory. The plaintiffs offered K. as security. The defendant, upon inquiry, concluded not to accept him, and so informed the plaintiffs. *Held* that no agreement was concluded, between the parties, whereby the defendant was bound to lease the store to the plaintiffs.

IN January, 1871, the defendant owned a store, in the city of Buffalo, which had been leased to a tenant by a lease which was to expire on the 1st of May then next. The plaintiffs were partners, and desiring to rent the store, they wrote to the defendant, who resided at Richmond, Va., inquiring whether he would rent it for five years from the expiration of the then existing lease. Several letters passed between the parties, as to the terms on which the defendant would lease to the plaintiffs, and finally, on the 24th of January, the defendant wrote to the plaintiffs, informing them that they could have a lease of the store for five years, at a rent of $1,500 per year, if the security they offered was satisfactory. The plaintiffs offered one Kasson, as security. The defendant understood the name of the surety to be Kannon, and upon inquiry concluded not to accept him as surety, and so informed the plaintiffs.

A lease was then given to other parties, and the plaintiffs brought this action to recover damages for breach of the agreement to give a lease.

The court nonsuited the plaintiffs, and ordered the exceptions to be heard in the first instance at the General Term. The plaintiffs appealed.

*Joel L. Walker*, for the appellants.

*H. C. Day*, for the respondent.

*By the Court*, MULLIN, P. J. Before the plaintiffs can maintain an action for breach of an agreement to give a lease, they must prove that a valid agreement to lease was entered into, between the parties.

If I understand the evidence, no agreement was ever concluded between the parties. The defendant refused to agree to lease until satisfactory security was furnished, and this was not done. An offer to give it, unaccepted, was of no consequence. Had the defendant

made an agreement by which he was bound to give a lease on receiving satisfactory security, he could not arbitrarily refuse to accept security proved to be sufficient. But until he was legally bound to accept such security he might conscientiously refuse to accept any.

Such is the condition of the defendant. He was not bound by any contract to lease, but on the contrary refused to bind himself to do so.

The motion for a new trial is denied, and judgment of nonsuit ordered for the defendant.

[Fourth Department, General Term, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]